```
UNITED STATES DISTRICT COURT                                              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                           :
DAVID HESTER-BEY,                                          :
                                                           :
                              Plaintiff,                   :   **MEMORANDUM DECISION AND**
                                                           :   **ORDER**
              - against -                                  :
                                                           :   18-cv-4849 (BMC)(LB)
INTERCON SECURITY CO. and FIVE JOHN                        :
DOE EASTERN DISTRICT COURT                                 :
OFFICERS,                                                  :
                                                           :
                              Defendants.                  :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff David Hester-Bey, appearing *pro se*, brings this action against defendants, alleging diversity of citizenship. Plaintiff claims that on August 24, 2018, he visited the Clerk's Office at the courthouse for the United States District Court for the Eastern District of New York. Upon retrieving his cell phone from the court security officers, he noticed a photo of himself "singling [him] out so [he] can be followed and harassed by them." Plaintiff seeks damages of $100,000 and requests not to be followed around the courthouse. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons that follow, the complaint is dismissed.

## DISCUSSION

The Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. As the party invoking federal jurisdiction, plaintiff "bears the burden of establishing that

jurisdiction exists." See Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (internal citation and quotation marks omitted); Harrison v. New York, 95 F.Supp.3d 293, 311 (E.D.N.Y. 2015).

Here, plaintiff's jurisdictional allegation is based on diversity of citizenship. Although he alleges that he is a citizen of New York, plaintiff does not provide the citizenship of Intercon Security or the five unidentified court security officers listed as defendants. Consequently, plaintiff fails to establish federal jurisdiction based on diversity of citizenship.[1]

Plaintiff's complaint also fails to state a claim for relief. Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); see McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam). However, they must still plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the Court assumes all factual allegations contained in the complaint to be true, this tenet is "inapplicable to legal conclusions." Id.

---

[1] Plaintiff also cannot invoke federal question jurisdiction. The complaint is devoid of any facts that implicate federal statutory or constitutional law. See 28 U.S.C. § 1331.

Here, plaintiff alleges that he visited the Clerk's Office without incident, but speculates that he may "be followed and harassed" by court security officers in the future. Plaintiff is allegedly under a "tremendous amount of distress" as a result. As an initial matter, plaintiff does not claim that any of the named defendants did anything to impede his access to the courthouse. By his own admission, plaintiff conducted his business in the Clerk's Office without interference. Second, and more critically, there is no federal or constitutional right to be free from surveillance in a federal courthouse. Individuals who enter the courthouse must proceed through security, and court security officers may surveil anyone in the building at any time.[2]

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction and for failure to state a claim. Leave to amend is denied as futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). The Clerk of Court is directed to enter judgment.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

---

[2]The court security officers have good reason to watch plaintiff. In 2013, plaintiff's access to this courthouse was restricted pursuant to a court order. Plaintiff frequently visits the courthouse (despite not having been a party to a litigation in this district for years), and the United States Marshals Service has received numerous complaints about his conduct during those visits. Plaintiff has been removed from a courtroom for behaving in a violent and threatening manner, has threatened an intake clerk at the Clerk's Office, has engaged in inappropriate behavior towards judicial and court officials, has attempted to evade and bypass court security officers, has brought knives to the courthouse, and has engaged in conduct resembling stalking behavior of the most recent judge in front of whom he was a litigant. See In re David Hester-Bey, 13-mc-674 (E.D.N.Y. 2013). In light of plaintiff's extensive criminal history (as of 2013, when the court order was issued, plaintiff had been arrested 58 times, resulting in 28 convictions), the court security officers have every right and indeed obligation to alert their staff to plaintiff's identity, criminal history, and tendency to engage in inappropriate conduct in the courthouse, and to take any necessary measures to ensure plaintiff does not threaten the safety of the Court's officers and staff or any members of the public.

in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See

Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                                      _____
                                                                                                                           U.S.D.J.

Dated: Brooklyn, New York
        September 6, 2018